IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY C.,[1]

Plaintiff,

v.

KILOLO KIJAKAZI, Commissioner of
Social Security,

Defendant.

Case No. 3:20-cv-01901-CL

**OPINION AND ORDER**

**CLARKE, U.S. Magistrate Judge.**

Gregory C. ("Plaintiff") brings this appeal challenging the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The Court has jurisdiction to hear this appeal pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the review provisions of 42 U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel,* 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray,* 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I.  PLAINTIFF'S APPLICATION

Plaintiff was born in 1965 and was 48 on his alleged onset date of October 5, 2013. Tr. 208. He has over 10 years of experience as a machinist for an autobody company. Tr. 41-42, 222-23. Plaintiff filed his application for DIB on June 7, 2018, alleging disability beginning October 5, 2013. Tr. 208-09. Plaintiff's claim was denied initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge (ALJ). Tr. 102-04, 111-13. An administrative hearing was held on February 12, 2020. Tr. 33-59. After the hearing, ALJ Rosa

PAGE 2 – OPINION AND ORDER

issued a written opinion dated February 27, 2020, denying Plaintiff's claim for benefits. Tr. 13-27. The Appeals Council denied Plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5. This appeal followed.[2]

## II. THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724-25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987).

The Commissioner bears the burden of proof at step five of the sequential analysis, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional

---

[2] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 6).

PAGE 3 – OPINION AND ORDER

capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954 (citations omitted).

## III. THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine whether Plaintiff was disabled. Tr. 13-27. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since his initial alleged onset date of October 5, 2013. Tr. 15. At step two, the ALJ determined that Plaintiff suffered from the severe impairments of bipolar I disorder, unspecified personality disorder, generalized anxiety disorder, cannabis use disorder, and asthma. Tr. 15.

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a Listing. Tr. 16-17.

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff retained the ability to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] can do simple, routine, repetitive tasks with a reasoning level of 1-2, no public contact, occasional superficial contact with a small group of coworkers, and no teamwork; he should avoid concentrated exposure to fumes, gases, dusts, odors, and other pulmonary irritants.

Tr. 18.

At step four, the ALJ found that Plaintiff was not capable of performing his relevant work. Tr. 25-26, 52-53. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including laundry worker, industrial cleaner, and routing clerk. Tr. 26. The ALJ therefore concluded that Plaintiff was not disabled. Tr. 27.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) improperly evaluating the medical opinion evidence; and (2) failing to find, at step three, that Plaintiff's combined impairments met or equaled a listed impairment.

### I.     MEDICAL OPINION EVIDENCE

Plaintiff first argues that the ALJ improperly evaluated the medical opinion of treating counselor Helen Sayas, MSW, QMHP. An ALJ's decision to discredit any medical opinion must be supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Ms. Sayas completed a functional assessment for Plaintiff on September 24, 2019. Tr. 1514-19. Ms. Sayas opined that Plaintiff experienced a reduction in symptoms due to ongoing medical treatment, therapy, and psychosocial supports. Tr. 1515. Ms. Sayas opined that plaintiff had minimal capacity to adapt to changes or demands that are not already part of his daily life and assessed marked limitations in work-related functioning. *Id.* She also opined that Plaintiff

has high anxiety in new setting and with new people, that he is "easily overwhelmed and needs time to regulate his emotions," and that he has a short attention span. Tr. 1516.

The ALJ found Ms. Sayas's opinion unpersuasive to the extent that it conflicted with the RFC. Tr. 25. The ALJ first noted that Ms. Sayas's findings were unsupported by her own treatment notes. Tr. 25. The ALJ is required to assess the persuasiveness of a medical opinion based on whether the opinion is supported by objective medical evidence. 20 C.F.R. 404.1520c(c)(1). Here, Ms. Sayas's treatment notes stated that Plaintiff had family support and coping skills and needed weekly check-ins only "based on his [Psychiatric Services Review Board] requirements" after Plaintiff was released from jail. Tr. 1032. Plaintiff showed appropriate affect and appreciation and stated that he enjoyed living with his son. Tr. 1349. On this record, the ALJ reasonably concluded that Ms. Sayas's notes suggested that Plaintiff's regimen of meetings and check-ins was not warranted by his actual functional limitations. Further, the ALJ reasonably concluded that Ms. Sayas's rather benign treatment noted regarding Plaintiff's affect, manner, and coping skills did not support her conclusions that Plaintiff suffered marked impairments that were reduced only with ongoing medical treatment, therapy, and psychosocial supports. Tr. 1515.

The ALJ next found that Ms. Sayas's opinion was contradicted by other evidence in the record, including Plaintiff's ability to maintain his own home. Tr. 25. A medical opinion is generally less persuasive when it is not consistent with other evidence in the record. 20 C.F.R. § 404.1520c(c)(2). Here, the record revealed that Plaintiff was able to maintain his home and social relationships; kept his home "very tidy and well kept;" participated in activities such as going to see his son perform in an orchestra; tolerated social situations with minimal breakthrough anxiety; moved in with his son; and sold his home to buy a new one with his wife.

PAGE 6 – OPINION AND ORDER

Tr. 1106, 1123, 1236, 1245, 1348. This evidence reasonably contradicted Ms. Sayas's opinion that Plaintiff had minimal capacity to adapt to changes or demands that are not already part of his daily life and marked limitations in work-related functioning. Tr. 1515. On this record, the ALJ's finding that Ms. Sayas's opinion was unpersuasive was rational and based on substantial evidence.

## II. STEP THREE FINDINGS

Plaintiff also argues that the ALJ erred because he failed at step three to find Plaintiff meets listing 12.04. At step three, the ALJ is required to determine whether a claimant's combined impairments meet or equal a listed impairment. *Keyser*, 648 F.3d at 724. The Listing requirements are set "at a higher level of severity than the statutory standard" for disability under the Act." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Specifically, the Listings "define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" *Id*. To show that he meets a Listing, Plaintiff was required to show that he meets all the criteria for the listed impairment.

To show that he satisfies Listing 12.04, Plaintiff was required to establish a depressive or bipolar disorder that is "serious and persistent." 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 12.04C. An impairment is "persistent" if it lasts for at least two years, and "serious" if there is evidence of both

> (1) Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of [the claimant's] mental disorder[...] and (2) Marginal adjustment, that is, [the claimant has] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life[...].

PAGE 7 – OPINION AND ORDER

*Id.* Here, Plaintiff testified that he lives alone in a house owned by his father. Tr. 39. Plaintiff was required to attend 20 hours of meeting per week with various mental health support groups as a condition of his supervision set by the Psychiatric Security Review Board (PSRB). Tr. 43-44. Plaintiff was required to meet with a case manager every other week, have home inspections once per week, and go to a psychiatric treatment provider every six weeks. Tr. 44. Plaintiff prepared his own meals, did household chores, rode the bus, took medications without assistance, traveled to his appointments on his own, and occasionally socialized. Tr. 45-49. Plaintiff argues that this constitutes a "highly structured setting" and that Plaintiff had minimal capacity to adapt to changes outside the prescribed routine of the PSRB. ECT 19 at 7-9.

The Court disagrees. The Regulations provide examples of highly structured settings that include living in a hospital or day treatment program, or participating in a sheltered work program. 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 12.00D(1). Here, Plaintiff's daily routines do not rise to the level of a highly structured setting. Further, there is evidence that Plaintiff was able to adapt to significant life changes, including participating in activities such as attending an orchestra performance and tolerating social situations; moving in with his son; and selling his home to buy a new one with his wife. Tr. 1106, 1123, 1236, 1348. On this record, Plaintiff has not met his burden to establish a depressive or bipolar disorder that is "serious and persistent" under 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, 12.04C. The ALJ's finding at step three that Plaintiff did not meet a Listing was therefore not error.

## CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED.**

**IT IS SO ORDERED.**

DATED this 15 day of September, 2022.

_____

PAGE 8 – OPINION AND ORDER

MARK CLARKE
United States Magistrate Judge

PAGE 9 – OPINION AND ORDER